UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERLIN PACKAGING, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>ALOE COMMODITIES INTERNATIONAL, INC., SKIN CARE INNOVATIONS, INC., and GLOBAL GOLD INTERNATIONAL, INC.,<br><br>Defendants. | Case No. FILED: March 21, 2008<br>08cv1690  JH<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE BROWN |

## COMPLAINT

The Plaintiff, Berlin Packaging, L.L.C. (the "Plaintiff"), by its attorneys, Bert Zaczek and Amy Pikarsky, states for its Complaint against the Defendants, Aloe Commodities International, Inc. ("Aloe Commodities"), Skin Care Innovations, Inc. ("Skin Care"), and Global Gold International, Inc. ("Global Gold"):

### Jurisdiction and Venue

1.  Jurisdiction is based on 28 U.S.C. § 1332 and 28 U.S.C. § 1367 in that the Plaintiff is a citizen of the State of Delaware, two of the defendants are citizens of the State of Texas, the third Defendant is a citizen of the State of Nevada, the amount in controversy exceeds $75,000 for two of the claims, and the two smaller claim are related to the larger two.

2.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events giving rise to the claim occurred in Chicago, Illinois and the Defendants signed agreements consenting to venue in Chicago, Illinois.

## The Parties

3. The Plaintiff is a limited liability company organized pursuant to the laws of the State of Delaware with its headquarters in Chicago, Illinois. It is in the business of providing packaging for products.

4. Defendant Aloe Commodities is a corporation organized pursuant to the laws of the State of Texas and has a registered business address at 1270 Champion Circle, Suite 100, Carrollton, Texas. Its Chief Financial Officer ("CFO") was formerly Richard Ellis.

5. Defendant Skin Care is a corporation organized pursuant to the laws of the State of Texas and also has a registered address also at 1270 Champion Circle, Suite 100 Carrollton, Texas. Its CFO was also formerly Richard Ellis.

6. Defendant Global Gold is a corporation organized under the laws of the State of Nevada. The Nevada Secretary of State lists its corporate status as "default" as of November 1, 2007. Global Gold guaranteed the debts of Aloe Commodities and Skin Care relating to the Plaintiff.

## Count I

### Breach of Contract against Aloe Commodities

7. On or about April 20, 2004, Aloe Commodities signed an Application for Credit ("Application") in furtherance of obtaining packaging from the Plaintiff. A copy of Aloe Commodities' Application is attached as Exhibit 1. The Application was signed by Aloe Commodities' then CFO, Richard Ellis.

8. The Application specified that by signing it, Aloe Commodities agreed to be bound by Berlin's Terms and Conditions. A copy of Berlin's Terms and Conditions sheet is attached as Exhibit 2.

9. After August 1, 2005, Aloe Commodities ordered packaging, received it, and accepted it, but failed to pay $76,897.58 owed for that packaging.

10. Aloe Commodities has never provided any notice to the Plaintiff of any defects regarding the packaging.

11. Aloe Commodities did not return any of the packaging.

12. The Plaintiff's attempts to resolve Aloe Commodities' debt have been unsuccessful.

13. Pursuant to ¶ 14 of the Terms and Conditions, Aloe Commodities is liable for interest at the rate of 1-1/2% per month for monies it fails to pay when due. Pursuant to ¶ 1 of the Terms and Conditions, the monies were due upon receipt of the packaging.

14. Pursuant to ¶ 18 of the Terms and Conditions, Aloe Commodities is liable for the Plaintiff's attorneys' fees.

15. The Plaintiff has been damaged by Aloe Commodities' breach.

16. Pursuant to ¶ 17 of the Terms and Conditions, Aloe Commodities consented to jurisdiction in Chicago, Illinois.

**Wherefore**, the Plaintiff, Berlin Packaging, L.L.C., requests that a judgment be entered in its favor against Defendant Aloe Commodities International, Inc. in the amount of $76,897.58 plus interest from the breach, attorneys' fees, and costs.

## Count II

### Breach of Contract against Aloe Commodities

15. The Plaintiff realleges ¶¶ 1-4 and 7-8.

16. During the course of their dealings, Aloe Commodities ordered packaging from the Plaintiff worth $12,229.97 that is not included in Count I.

17. The Plaintiff retains possession of that packaging.

18. The Plaintiff has billed Aloe Commodities for that packaging but Aloe Commodities has refused to pay.

19. The packaging is customized pursuant to Aloe Commodities' specifications and cannot be used for any of the Plaintiff's other customers.

20. The Plaintiff is not obligated to deliver the packaging because Aloe Commodities has already breached its contract with the Plaintiff.

21. The Plaintiff has been damaged by this breach.

17. Attempts to resolve Aloe Commodities' debt have been unsuccessful.

18. Pursuant to ¶ 14 of the Terms and Conditions, Aloe Commodities is liable for interest at the rate of 1-1/2% per month for monies it fails to pay.

19. Pursuant to ¶ 18 of the Terms and Conditions, Aloe Commodities is liable for the Plaintiff's attorneys' fees.

20. Pursuant to ¶ 17 of the Terms and Conditions, Aloe Commodities consented to jurisdiction in Chicago, Illinois.

**Wherefore**, the Plaintiff, Berlin Packaging, L.L.C., requests that a judgment be entered in its favor against Defendant Aloe Commodities International, Inc. in the amount of $12,229.97 plus interest from the breach, attorneys' fees, and costs.

### Count III

### Breach of Contract against Skin Care

21. The Plaintiff realleges paragraphs 1-3 and 5.

22. On or about April 27, 2005, Skin Care signed an Application for Credit ("Application") in furtherance of obtaining packaging from the Plaintiff. A copy of Skin Care's

4

Application is attached as Exhibit 3. The Application was signed by Skin Care's then CFO, Richard Ellis.

23. The Application specified that by signing it, Skin Care agreed to be bound by Berlin's Terms and Conditions. A copy of the Terms and Conditions sheet is attached as Exhibit 2.

24. After August 1, 2005, Skin Care ordered packaging, received it, and accepted it, but failed to pay $47,327.08 owed for the packaging.

25. Skin Care has never provided any notice to the Plaintiff of any defects regarding the packaging.

26. Skin Care did not return any of the packaging.

27. Attempts to resolve Skin Care's debt have been unsuccessful.

28. Pursuant to ¶ 14 of the Terms and Conditions, Skin Care is liable for interest at the rate of 1-1/2% per month for monies it fails to pay. Pursuant to ¶ 1 of the Terms and Conditions, Skin Care was required to pay upon receipt of the packaging.

29. Pursuant to ¶ 18 of the Terms and Conditions, Skin Care is liable for the Plaintiff's attorneys' fees.

30. The Plaintiff has been damaged by Skin Care's breach.

31. Pursuant to ¶ 17 of the Terms and Conditions, Skin Care consented to jurisdiction in Chicago, Illinois.

**Wherefore**, the Plaintiff, Berlin Packaging, L.L.C., requests that a judgment be entered against Skin Care Innovations, Inc. in the amount of $47,327.08 plus interest from the breach, attorneys' fees, and costs.

## Count IV

### Breach of Corporate Guaranty against Global Gold

32. The Plaintiff realleges paragraphs 1-31.

33. On or about August 1, 2005, Global Gold signed a Corporate Guaranty promising to pay to the Plaintiff any debts incurred by Aloe Commodities and Skin Care owed to the Plaintiff. A copy of the Corporate Guaranty is attached as Exhibit 4. The Corporate Guaranty is signed by Global Gold's Chairman, L. Scott McKnight.

34. Global Gold's corporate status is now listed as "default" with the Nevada Secretary of State.

35. The Corporate Guaranty specified that Global Gold agreed to all of the Terms and Conditions of the agreements between Berlin and Aloe Commodities and Skin Care. Those terms include ¶¶ 14, 18, and 17 of the Terms and Conditions sheet that specify that Aloe Commodities and Skin Care are liable for interest at the rate of 1-1/2% per month and attorneys' fees and that they consent to jurisdiction in Chicago, Illinois.

36. Demand was made upon Global Gold for the monies owed by Aloe Commodities and Skin Care, but Global Gold has refused to pay.

**Wherefore**, the Plaintiff, Berlin Packaging, L.L.C., requests that a judgment be entered in its favor against Defendant Global Gold International, Inc. in the amount of $136,454.63 plus interest from the breach, attorneys' fees and costs.

          Respectfully submitted,

          **BERLIN PACKAGING, L.L.C.**

By:   _____
      One of its Attorneys

Bert Zaczek
Amy Pikarsky
415 N. LaSalle St.
Chicago, IL 60610
T: 312-527-1090
F: 312-527-1082
ARDC No.: 6217079
ARDC No.: 6290464

04/20/2004 14:06    1                    ALOE COMMODITIES  NE           PAGE  03
04/02/2004 12:06   2143378279            BERLIN DALLAS                  PAGE  02/06

08cv1690    JH
JUDGE ST. EVE
MAGISTRATE JUDGE BROWN



**Anything is Possible.**

Thank you for considering Berlin Packaging LLC as a supplier. Please provide us with the necessary information requested below for the purpose of evaluating your request to establish open account credit. This information will be held in strict confidence.

## APPLICATION FOR CREDIT

Company Name / Legal Name: __ALOE COMMODITIES INTL INC__

Trade Name / Trade Style / DBA: __N/A__

Billing Address: __2161 HUTTON DR #126__  City __CARROLLTON__  State __TX__  Zip Code __75006__

Phone Number: __(972) 241-4251__    Fax Number: __(972) 241-4576__

Company Structure:
Corporation [X]
Limited Liability Corp. [ ]
State of Incorporation _____
Proprietorship [ ]
Partnership [ ]

Name of Parent Co. or Headquarters Address: __N/A__

Ship To / Delivery Address: __SAME AS ABOVE__ (If other than above)

Type of Business / Products: __MGR OR NUTRACEUTICAL PRODUCTS__ (Manufacturer, Wholesaler, Retailer, Distributor)

Have you, or an affiliate, purchased from Berlin Packaging previously? No [ ] Yes [X]

When? __Dec. 2000__    Name of Affiliate: _____

Length of time in business: __9 yr__    Credit Line requested: __$100,000__

Principals Names & Titles: __L. Scott McKinneus CoB Monu McKnight Pres__

If Proprietorship or Partnership, list owner's name(s), address(es) and Social Security Number(s):

| Name | Address | City/State/Zip | Social Security Number |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

Sales or Use Tax: All taxes imposed by Federal, State, Local or Foreign governments are the responsibility of the purchaser. Applicable tax will be charged on all purchases unless a valid Exemption Certificate is on file with Berlin Packaging.

[ ] Taxable   State:____ County:____ Municipality:____
[X] Non-Taxable (Complete and attach Exemption Form)

Berlin Sales Representative: __Cathy Damos__

**EXHIBIT 1**

3065

BANK REFERENCE: page 2

Name: _See Attached_  Account No: _____

Address: _____ City _____ State _____ Zip Code _____

Phone Number: (___) _____ Fax Number: (___) _____

**TRADE REFERENCES:**
Suppliers Name    Address    Phone Number    Fax Number    Contact Name

1. _See attached_

2. _____

3. _____

FINANCIAL STATEMENT ATTACHED? Yes [X] No [ ] Statement Date _12/31/03_
DUN & BRADSTREET (Duns) No. _83-803-7760_

**AGREEMENT:** I (We) ("Buyer") have completed this Application for Credit and certify that all information and statements contained herein are true and correct. I (We) agree to the terms of this application for credit. I (We) hereby authorize Berlin Packaging LLC ("Seller") to access, now and in the future, a commercial or consumer credit report and/or make reasonable inquiries of all bank, trade and financial resources provided and authorize release of such information to you now and any time hereafter. I (We) understand and agree that any credit granted shall be paid promptly in accordance with Seller's stated terms (Net 30 Days) and conditions of sale and Seller may assess the maximum annual rate of interest permitted by law or 1-1/2% per month, whichever is less, to any balance not paid in accordance with said terms and conditions. I (We) have reviewed and agree to be bound by the Selling Terms and Conditions of Seller when any goods or services are purchased from Seller. I (We) agree that in the event of any conflict between any terms and conditions in our purchase orders or other documentation we submit to Seller and Seller's terms and conditions, Seller's terms and conditions will control. I (We) further agree, in the event of non-payment or default under said terms and conditions of sale, to reimburse Seller for all costs incurred in the collection of any past due amount including attorney's fees and court costs where applicable. I (We) understand and agree to promptly notify Seller of any material or adverse change in the ownership, operations or conduct of our business.

**WARRANTY:** Buyer agrees that it is solely responsible for determining the suitability of any services and goods including all parts and components of the goods and services purchased from Seller and that it is not relying on Seller in making such determination. Buyer will not order or use any goods or services unless it is satisfied that the goods and services are suitable for Buyer's use. Buyer agrees to store and use all goods and services in a safe manner. Seller is cautioning Buyer that not all products are compatible with plastic, glass, metal or the other goods and Buyer agrees not to use any goods with any abrasive, caustic or acid solutions or any other substance which may cause injury to persons or property. With regard to any goods or services purchased, Seller is not giving and specifically disclaims all warranties, express or implied, including without limitation all warranties of performance, merchantability and fitness for a particular purpose. Seller's liability on any claim of any kind, including negligence, shall not exceed the price of the goods or services or part thereof which gives rise to the claim. In no event shall Seller be liable for any special, incidental or consequential damages or for damage in the nature of a penalty.

Company Name: _Aloe Commodities Intl Inc_  Date: _4/20/04_

Authorized By (Printed Name of Owner or Officer): _Richard Ellis_

Signature: _[signature]_  Title: _CFO_

Please return this completed Credit Application and Sales Tax Exemption Certificate to:
BERLIN PACKAGING LLC, 111 North Canal Street, Suite 300, Chicago, IL 60606 (312) 876-9292 or Fax (312) 876-9290. <www.berlinpackaging.com>  Thank You.

04/20/2004　14:23　　2143370279　　　　　　　　BERLIN DALLAS　　　　　　　　PAGE　06/18
04/20/2004　14:06　　1　　　　　　　　　　　　ALOE COMMODITIES  NE　　　　　　PAGE　05
04/02/2004　12:06　　2143370279　　　　　　　　BERLIN DALLAS　　　　　　　　PAGE　05/06

08cv1690　　JH
JUDGE ST. EVE
MAGISTRATE JUDGE BROWN

## Berlin Packaging L.L.C., ("SELLER")

GOODS AND SERVICES COVERED BY THIS ORDER ARE BEING SOLD ONLY IN ACCORDANCE WITH THE TERMS AND CONDITIONS CONTAINED HEREIN, AND IN SELLER'S QUOTATION OR ACKNOWLEDGMENT IF ANY, INCLUDING THE TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE THEREOF. SELLER OFFERS TO SELL THE GOODS OR SERVICES DESCRIBED HEREIN ONLY UPON THE TERMS AND CONDITIONS CONTAINED HEREIN. THE OFFER SHALL BE DEEMED ACCEPTED AND SHALL BECOME A BINDING CONTRACT ON THE TERMS AND CONDITIONS CONTAINED HEREIN, (A) WHEN SIGNED AND RETURNED BY BUYER, OR (B) WHEN BUYER ISSUES ITS ORAL OR WRITTEN ACKNOWLEDGEMENT, OR (C) WHEN SELLER COMMENCES PERFORMANCE, OR (D) WHEN BUYER OTHERWISE ACCEPTS THIS OFFER. BY ACCEPTING THIS OFFER, BUYER WAIVES ALL TERMS AND CONDITIONS CONTAINED IN BUYER'S PURCHASE ORDER OR OTHER DOCUMENTS WHICH ARE DIFFERENT FROM OR ADDITIONAL TO THOSE CONTAINED HEREIN (WHETHER OR NOT BUYER SENDS ITS DOCUMENTS BEFORE OR AFTER SELLER SENDS THIS FORM), AND ALL SUCH DIFFERENT OR ADDITIONAL TERMS AND CONDITIONS SHALL BE NULL AND VOID AND OF NO EFFECT.

1. **Price.** Shipping allowances and prices are subject to change by Seller without notice. Increases in labor, freight and material costs before completion of contract plus applicable overhead may be invoiced to Buyer. Premium time as required by Buyer will be invoiced as an extra item.

2. **Delivery or Performance.** Unless otherwise specified on the face hereof, all deliveries are F.O.B. point of shipment. Shipment will be made in accordance with instructions issued by Seller. Upon delivery of goods to carrier, Buyer assumes risk of all loss and damage resulting from any cause whatsoever. Shipping, delivery or performance dates are approximate and are not guaranteed. Seller reserves the right to ship and invoice for a quantity of goods which may vary up to ten percent over or under the quantity specified and Buyer agrees to accept delivery and pay for such revised quantity and consider the shipment to be complete. Partial deliveries shall be accepted by the Buyer and paid for at contract prices and terms. Buyer shall have no right to delay the delivery or shipment date.

3. **Force Majeure.** Seller shall not be liable for any delay or other failure of performance due to causes beyond its reasonable control, including without limitation acts of God, acts of Buyer, acts of military or civil authorities, fire or other casualty, strikes, lockouts, weather, epidemics, war, riot, delays in transportation or car shortages, or inability to obtain necessary labor, materials, components, equipment, services, energy or utilities through Seller's usual and regular sources at usual and regular prices. In any such event, Seller may, with notice to Buyer, at any time and from time to time without further liability to Buyer (a) postpone its performance under this contract, (b) make partial performance or cancel all or any portion of this contract, or (c) allocate available quantities among its customers in any manner which Seller deems reasonable. Cancellation of any part of this contract shall not affect Seller's right to payment for performance of any other part hereof.

4. **Warranty and Remedy.** Unless otherwise expressly stated on the face hereof, Seller warrants to Buyer, for a period of 30 days from the date of shipment and/or performance of services, that its services hereunder are performed in a good and workmanlike manner and that goods delivered hereunder, under proper and normal use, are free from material defects in materials and workmanship, except that materials and services furnished by Seller's suppliers or subcontractors are warranted by Seller only to the extent of the supplier's or subcontractor's express warranty to Seller. If during such period Buyer promptly notifies Seller in writing of any breach of such warranty and complies with any applicable warranty procedures of Seller, Seller shall thereupon, at Seller's option, re-perform services, repair or replace any defective goods, at Seller's plant (Buyer to pay all transportation charges) or refund the price of the goods or services or part thereof which gives rise to the claim. Seller shall make no allowance for repairs or alterations made by Buyer unless made with Seller's prior written consent. The foregoing shall constitute the sole and exclusive remedy of Buyer and the full liability of Seller for any breach of warranty. THE FOREGOING WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, WHETHER WRITTEN, ORAL OR IMPLIED, INCLUDING ANY WARRANTY OF PERFORMANCE, MERCHANTABILITY OR FITNESS FOR PARTICULAR PURPOSE, (AND SUPERSEDES AND EXCLUDES ANY ORAL WARRANTIES OR REPRESENTATIONS, OR WRITTEN WARRANTIES OR REPRESENTATIONS, NOT EXPRESSLY DESIGNATED IN WRITING AS A "WARRANTY" OR "GUARANTEE" OF SELLER, MADE OR IMPLIED IN ANY MANUAL, LITERATURE, ADVERTISING BROCHURE OR ANY OTHER MATERIALS). ALL WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE HEREBY DISCLAIMED. No warranties may be assigned to any subsequent Purchaser or user of the goods or services.

5. **Limitation of Seller's Liability.** Seller's liability on any claim of any kind, including negligence, with respect to the goods or services which are the subject of this contract, shall in no case exceed the price of the goods or services or part thereof which gives rise to the claim. IN NO EVENT SHALL SELLER BE LIABLE FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, OR FOR DAMAGES IN THE NATURE OF PENALTIES.

6. **Buyer's Use.** Buyer agrees that it is solely responsible for determining the suitability of any services and goods including all parts and components of the goods purchased from Seller and that it is not relying on Seller in making such determination. Buyer will not order or use any goods or services unless it is satisfied that the goods and services are suitable for Buyer's use. Buyer agrees to store and use all goods and services in a safe manner. Seller is cautioning Buyer that not all products are compatible with plastic, glass, metal or the other goods and Buyer agrees not to use any goods with any abrasive, caustic or acid solutions or any other substance which may cause injury to persons or property.

7. **Limitation of Actions.** Any action for any loss or damage with respect to the goods or services which are the subject of this contract must be commenced by Buyer within one year from the date of delivery of goods or services or such claim shall be forever barred.

8. **Indemnification and Waiver.** Buyer shall defend, indemnify and hold harmless Seller from any cost, loss or damage sustained by Seller and from and against all claims asserted against Seller with respect to the goods or services which are the subject of this contract including but not limited to that arising in whole or in part out of (a) failure of Buyer, its agents, employees or customers to follow specifications, instructions, warnings or recommendations furnished by Seller, (b) failure of Buyer, its agents, employees or customers to comply with all applicable laws and regulations, including, but not limited to, the Occupational Safety and Health Act of 1970 (29 U.S.C. 651, et seq.), the Hazardous Materials Transportation Act (49 U.S.C. 1801, et seq.) the Resource Conservation and Recovery Act (42 U.S.C. 6901, et seq.), the Toxic Substances Control Act of 1976 (15 U.S.C. 2601, et seq.), the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (42 U.S.C. 9601, et seq.), the Federal Insecticide, Fungicide, and Rodenticide Act (7 U.S.C. 136, et seq.), and any other applicable Federal, state and local laws and regulations governing hazardous materials or safety, all as they may be amended or supplemented from time to time, (c) misuse of the goods by Buyer, its agents, employees or customers, including use of goods with any substance that causes injury to person or property, (d) misrepresentation by Buyer, its agents, employees or customers, (e) the sole or contributing negligence of Buyer, its agents, employees or customers, or (f) alleged infringement of any patent, trademark or copyright as a result of Seller's performance in accordance with Buyer's designs, plans or specifications, (g) any and all lawsuits, liabilities, damages, injuries,

**EXHIBIT 2**

claims, demands and expenses (including legal expenses) of whatever kind and nature arising on account of the manufacture, use, storage, maintenance, repair or operation of any of Seller's goods regardless of by whomever manufactured, used, operated, maintained or stored and/or arising as a result of claims based upon strict liability imposed upon Seller except for claims directly resulting from Seller's gross negligence. Buyer hereby waives and releases Seller from all rights of contribution or indemnity to which Buyer may otherwise be entitled. As used in paragraph 8 hereof, the term "Seller" shall mean the Seller, its officers, directors, agents, employees, subcontractors, parent, subsidiaries, divisions and affiliates. This indemnity shall continue in full force and effect notwithstanding termination of any order.

9. **Cancellation by Buyer.** Buyer may cancel this contract only upon written notice to Seller and payment of reasonable cancellation charges including, without limitation, (1) the price for goods and services completed or ordered prior to Seller's receipt of such notice together with reasonable profit thereon, (2) all costs previously incurred in connection with uncompleted goods or services together with reasonable profit thereon, and (3) all other expenses incurred by Seller by reason of such cancellation.

10. **Taxes.** All taxes and other charges imposed by federal, state, local or foreign governments on the manufacture, sale, shipment, import, export or use of the goods (other than income taxes) are not included in the price and shall be paid by Buyer. Buyer shall defend, indemnify and hold harmless Seller from and against all liabilities for such taxes or charges and attorney's fees or costs incurred by Seller in connection therewith. If applicable, Buyer shall provide Seller with a tax exemption certificate from the taxing authorities.

11. **Advice and Assistance.** Upon request, Seller in its discretion may furnish as an accommodation to Buyer technical advice or assistance regarding the goods or services. Seller assumes no obligation or liability for the advice or assistance given or results obtained, which shall be at Buyer's sole risk.

12. **Buyer's Materials.** All of Buyer's tooling, goods, and other property in Seller's possession shall be fully insured by Buyer and Buyer releases Seller from all liability for loss or damage to such material caused by Seller's negligence or otherwise. Whenever one year has elapsed since the completion of any order from Buyer requiring the use of such materials, Seller may make any use or disposition of such materials without any liability to Buyer.

13. **Seller's Proprietary Rights.** Seller shall be the sole owner of all drawings, inventions or improvements made by or for Seller in connection with the performance of this contract. Buyer shall not reproduce any drawing furnished by Seller. Buyer shall not use or disclose any of Seller's trade secrets or confidential information, whether or not designated as such, except as required in connection with the use or resale of the goods or services covered by this contract.

14. **Security Agreement, Credit and Collection.** To secure payment of all sums due hereunder or otherwise, Seller shall retain a security interest in the goods delivered hereunder and this contract shall be deemed a Security Agreement under the Uniform Commercial Code. Buyer authorizes Seller as its attorney to execute and file on Buyer's behalf all documents Seller deems necessary to perfect such security interest. Seller is relying upon Buyer's representation of solvency and if Seller at any time reasonably believes that Buyer is insolvent or that Buyer's credit is impaired, Buyer shall be in material breach hereof and Seller may, without liability to Buyer, withhold performance hereunder, change the payment terms and/or repossess goods theretofore delivered. Title to the goods covered by this contract shall remain in Seller until payment in full is received. In extending any credit hereunder, Buyer shall pay to Seller interest on the unpaid amount at the maximum annual rate permitted by law or 1-1/2% per month, whichever is less and if Buyer fails to pay according to the terms of this contract, Seller may make such charges and may also collect the amount unpaid with Buyer being liable to Seller for all costs of collection including attorney's fees and court costs.

15. **Buyer's Financial Responsibility.** If Seller shall at any time doubt Buyer's financial responsibility, Seller may demand adequate assurance of due performance or decline to make any further shipments except upon receipt of cash payment in advance or security. If Seller demands adequate assurance of due performance and the same is not forthcoming within 10 days after the date of Seller's demand, Seller may at its option (1) continue to defer further shipments under this order and/or any other order from Buyer which has been accepted by Seller until adequate assurances are received or (2) cancel this order and any other order from Buyer which has been accepted by Seller and recover damages.

16. **Miscellaneous.** This contract constitutes the entire agreement between Buyer and Seller relating to the goods or services which are the subject hereof. No modifications shall be binding upon the Seller unless in writing signed by Seller's duly authorized representative. If any term or provision of this contract shall to any extent be invalid or unenforceable, the remainder of the contract shall not be affected thereby, and each term and provision of this contract shall continue to be valid and enforced to the fullest extent permitted by law. No waiver by either party of default shall be deemed a waiver of any subsequent default. The captions used herein shall have no substantive significance.

17. **Choice of Law and Jurisdiction.** These terms and conditions shall be construed in accordance with the laws of the State of Illinois, without regard to principles governing conflicts of laws. Buyer and Seller consent to the jurisdiction and venue of the federal and state courts situated in or having their situs over Chicago, Illinois.

18. **Attorneys' Fees.** If Seller pursues any legal action to enforce any of its rights, Seller shall be entitled to recover from Buyer all reasonable attorneys' fees, any arbitration costs, and all other costs and expenses incurred by Seller in connection with such action.

Page 2
Berlin Packaging L.L.C.
TERMS AND CONDITIONS

04/28/2005 10:11   2143342719   BERLIN DALLAS   PAGE 02/04

Federal Tax ID# 56-2498723

08cv1690       JH
JUDGE ST. EVE
MAGISTRATE JUDGE BROWN



**Anything is Possible.**

Thank you for considering Berlin Packaging LLC as a supplier. Please provide us with the necessary information requested below for the purpose of evaluating your request to establish open account credit. This information will be held in strict confidence.

## APPLICATION FOR CREDIT

Company Name / Legal Name: **Skin Care Innovations Inc.**

Trade Name / Trade Style / DBA: _____

Billing Address: **2161 Hutton Dr. Ste 126** City **Carrollton** State **TX** Zip Code **75006**

Phone Number: **(972) 241-4251**   Fax Number: **(972) 241-4376**

Company Structure:
Corporation [X]
Limited Liability Corp. [ ]
State of Incorporation _____
Proprietorship [ ]
Partnership [ ]

Name of Parent Co. or Headquarters Address: _____

Ship To / Delivery Address: _____ (If other than above)

Type of Business / Products: **Skin Care Products Manufacturer**
(Manufacturer, Wholesaler, Retailer, Distributor)

Have you, or an affiliate, purchased from Berlin Packaging previously? No [ ]  Yes [✓]

When? _____   Name of Affiliate: **Aloe Commodities**

Length of time in business: _____   Credit Line requested: _____

Principals Names & Titles: **Same as Aloe Commodities**

If Proprietorship or Partnership, list owner's name(s), address(es) and Social Security Number(s):

| Name | Address | City/State/Zip | Social Security Number |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

Sales or Use Tax: All taxes imposed by Federal, State, Local or Foreign governments are the responsibility of the purchaser. Applicable tax will be charged on all purchases unless a valid Exemption Certificate is on file with Berlin Packaging.

[ ] Taxable   State:____ County:____ Municipality:____
[X] Non-Taxable (Complete and attach Exemption Form)

Berlin Sales Representative: **Cathy Damon**

**EXHIBIT 3**

BANK REFERENCE: page 2

Name: _____ Account No: _____

Address: _____ City _____ State _____ Zip Code _____

Phone Number: (___) _____ Fax Number: (___) _____

**TRADE REFERENCES:**

| Suppliers Name | Address | Phone Number | Fax Number | Contact Name |

1. _____

2. _____

3. _____

FINANCIAL STATEMENT ATTACHED? Yes [ ] No [ ] Statement Date_____
DUN & BRADSTREET (Duns) No. _____

AGREEMENT: I (We) ("Buyer") have completed this Application for Credit and certify that all information and statements contained herein are true and correct. I (We) agree to the terms of this application for credit. I (We) hereby authorize Berlin Packaging LLC ("Seller") to access, now and in the future, a commercial or consumer credit report and/or make reasonable inquiries of all bank, trade and financial resources provided and authorize release of such information to you now and any time hereafter. I (We) understand and agree that any credit granted shall be paid promptly in accordance with Seller's stated terms (Net 30 Days) and conditions of sale and Seller may assess the maximum annual rate of interest permitted by law or 1-1/2% per month, whichever is less, to any balance not paid in accordance with said terms and conditions. I (We) have reviewed and agree to be bound by the Selling Terms and Conditions of Seller when any goods or services are purchased from Seller. I (We) agree that in the event of any conflict between any terms and conditions in our purchase orders or other documentation we submit to Seller and Seller's terms and conditions, Seller's terms and conditions will control. I (We) further agree, in the event of non-payment or default under said terms and conditions of sale, to reimburse Seller for all costs incurred in the collection of any past due amount including attorney's fees and court costs where applicable. I (We) understand and agree to promptly notify Seller of any material or adverse change in the ownership, operations or conduct of our business.

WARRANTY: Buyer agrees that it is solely responsible for determining the suitability of any services and goods including all parts and components of the goods and services purchased from Seller and that it is not relying on Seller in making such determination.. Buyer will not order or use any goods or services unless it is satisfied that the goods and services are suitable for Buyer's use. Buyer agrees to store and use all goods and services in a safe manner. Seller is cautioning Buyer that not all products are compatible with plastic, glass, metal or the other goods and Buyer agrees not to use any goods with any abrasive, caustic or acid solutions or any other substance which may cause injury to persons or property. With regard to any goods or services purchased, Seller is not giving and specifically disclaims all warranties, express or implied, including without limitation all warranties of performance, merchantability and fitness for a particular purpose. Seller's liability on any claim of any kind, including negligence, shall not exceed the price of the goods or services or part thereof which gives rise to the claim. In no event shall Seller be liable for any special, incidental or consequential damages or for damage in the nature of a penalty.

Company Name: Skin Care Innovations Inc Date: 4/27/05

Authorized By (Printed Name of Owner or Officer): Dick Ellis

Signature: /s/ Title: CEO

Please return this completed Credit Application and Sales Tax Exemption Certificate to:
BERLIN PACKAGING LLC, 111 North Canal Street, Suite 300, Chicago, IL 60606 (312) 876-9292
or . <www.berlinpackaging.com> Thank You.

```
10/19/2006  09:45   312-876-9290        BERLIN PACKAGING        PAGE  02/02
08/02/2005  10:44   2143370279          BERLIN DALLAS           PAGE  01/01
```

08cv1690    JH

JUDGE ST. EVE

MAGISTRATE JUDGE BROWN

## CORPORATE GUARANTY OF PAYMENT
## TO BERLIN PACKAGING LLC

For valuable consideration, including but not limited to the extension of credit heretofore or hereafter granted by BERLIN PACKAGING LLC. (Creditor) to ALOE COMMODITIES INTERNATIONAL, INC. and SKIN CARE INNOVATIONS, INC. it's successors and assigns (Debtors), GLOBAL GOLD INTERNATIONAL, INC., a __NEVADA__ corporation, (Guarantor), hereby unconditionally guarantees to Creditor full payment when due, of any indebtedness of Debtors for (1) goods heretofore or hereafter sold or consigned to (2) work-in-process identified for (3) merchandise ordered on behalf of or (4) services performed for Debtors by Creditor, together with lawful interest from due date and any expenses of collection, including court costs and reasonable attorney fees.

This Guaranty shall be directly enforceable against the Guarantor without first resorting to any remedies against Debtors. This Guaranty shall remain in full force and effect until the entire amount of any indebtedness due from the Debtors to the Creditor has been fully paid and all checks paid by the Debtors have completely cleared the banking system.

The Guarantor hereby assents to all terms and conditions made or to be made with Creditor by Debtors. Any indulgences, renewals or extensions of any indebtedness between Creditor and Debtors shall not release the Guarantor hereunder.

This Guarantee shall be for the benefit of the Creditor, its successors and assigns and shall be binding upon the Guarantor and its successors and assigns.

Intending to be legally bound hereby, the Guarantor has caused this Guaranty to be executed by its duly authorized officer and its seal to be affixed this __1st__ day of __August__, 2005.

(Corporate Seal)                               GLOBAL GOLD INTERNATIONAL, INC

                                               By _L. Scott McKnight_

ATTEST: _____
         (Secretary)                           _Chairman_
                                               (Title)

### Acknowledgment

STATE OF __Texas__
                          SS
COUNTY OF __Dallas__

On this __1st__ day of __August__, 2005, before me, a Notary Public in and for the aforesaid State and County, and by law authorized to administer oaths and affirmations, personally appeared __L. Scott McKnight__, being duly sworn, deposes and says that he is the __Chairman__ of Global Gold International, Inc. and that the seal affixed to the above Guaranty is the corporate seal and that said corporation is expressly authorized by the terms of its charter to execute this Guaranty and this Guaranty was signed and sealed on behalf of said corporation by authority of its Board of Directors.

                                          Notary Public _R. Scott Hamilton_

                                          [Notary Seal: R. SCOTT HAMILTON
                                          MY COMMISSION EXPIRES
                                          February 6, 2008]

**EXHIBIT 4**