Our File: DN-78017

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERLIN PACKAGING, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1690 |
| ) | |
| ALOE COMMODITIES INTERNATIONAL, ) | |
| INC., SKIN CARE INNOVATIONS, INC. and ) | |
| GLOBAL GOLD INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Now come the Defendants, ALOE COMMODITIES INTERNATIONAL, INC., SKIN CARE INNOVATIONS, INC., and GLOBAL GOLD INTERNATIONAL, INC., by and through their attorneys, DAVID T. NANI, JAMES F. DONOVAN, and KRALOVEC & MARQUARD, CHARTERED, and in answer to the Plaintiff's Complaint, state as follows:

### Jurisdiction and Venue

1. Jurisdiction is based on 28 U.S.C. § 1332 and 28 U.S.C. § 1367 in that the Plaintiff is a citizen of the State of Delaware, two of the defendants are citizens of the State of Texas, the third Defendant is a citizen of the State of Nevada, the amount in controversy exceeds $75,000 for two of the claims, and the two smaller claim are related to the larger two.

**ANSWER:**      The Defendants, Aloe Commodities International, Inc., Skin Care Innovations, Inc., and Global Gold International, Inc., lack the requisite knowledge with which to either

admit or deny that the Plaintiff is a citizen of the State of Delaware. They therefore neither admit nor deny same, but demand strict proof thereof. They admit the remaining allegations of this paragraph.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events giving rise to the claim occurred in Chicago, Illinois and the Defendants signed agreements consenting to venue in Chicago, Illinois.

**ANSWER:**     The Defendants, Aloe Commodities International, Inc., Skin Care Innovations, Inc., and Global Gold International, Inc., admit the allegations of this paragraph.

### The Parties

3. The Plaintiff is a limited liability company organized pursuant to the laws of the State of Delaware with its headquarters in Chicago, Illinois. It is in the business of providing packaging for products.

**ANSWER:**     The Defendants, Aloe Commodities International, Inc., Skin Care Innovations, Inc., and Global Gold International, Inc., lack the requisite knowledge with which to either admit or deny that the Plaintiff is a Delaware corporation. They therefore neither admit nor deny same, but demand strict proof thereof. They admit the remaining allegations of this paragraph.

4. Defendant Aloe Commodities is a corporation organized pursuant to the laws of the State of Texas and has a registered business address at 1270 Champion Circle, Suite 100, Carrollton, Texas. Its Chief Financial Officer ("CFO") was formerly Richard Ellis.

**ANSWER:**     The defendant, Aloe Commodities International, Inc., admits the allegations of this paragraph.

5. Defendant Skin Care is a corporation organized pursuant to the laws of the State of Texas and also has a registered address also at 1270 Champion Circle, Suite 100, Carrollton, Texas. Its CFO was also formerly Richard Ellis.

**ANSWER:**     The Defendant, Skin Care innovations, Inc., admits the allegations of this paragraph.

6. Defendant Global Gold is a corporation organized under the laws of the State of Nevada. The Nevada Secretary of State lists its corporate status as "default" as of November 1, 2007. Global Gold guaranteed the debts of Aloe Commodities and Skin Care relating to the Plaintiff.

**ANSWER:**     The Defendant, Global Gold International, Inc., admits that it is a Nevada Corporation. It lacks the requisite knowledge to answer how the Nevada Secretary of State lists its corporate status. Global Gold International, Inc., states that any written guaranties it made to the Plaintiff speak for themselves. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

## COUNT I

### Breach of Contract Against Aloe Commodities

7. On or about April 20, 2004, Aloe Commodities signed an Application for Credit ("Application") in furtherance of obtaining packaging from the Plaintiff. A copy of Aloe Commodities' Application is attached as Exhibit 1. The Application was signed by Aloe Commodities' then CFO, Richard Ellis.

3

**ANSWER:**   The Defendant, Aloe Commodities International, Inc., admits the allegations of this paragraph.

8. The Application specified that by signing it, Aloe Commodities agreed to be bound by Berlin's Terms and Conditions. A copy of Berlin's Terms and Conditions sheet is attached as Exhibit 2.

**ANSWER:**   The Defendant, Aloe Commodities International, Inc., states that the Application speaks for itself. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

9. After August 1, 2005, Aloe Commodities ordered packaging, received it, and accepted it, but failed to pay $76, 897.58 owed for that packaging.

**ANSWER:**   The Defendant, Aloe Commodities International, Inc., admits that it ordered, received and accepted packaging from Plaintiff after August 1, 2005. It has paid for at least some of the packaging received from Plaintiff subsequent to August 1, 2005. It denies that the sum cited by Plaintiff is a true recital of the amount of the claim Plaintiff has against it.

10. Aloe Commodities has never provided any notice to the Plaintiff of any defects regarding the packaging.

**ANSWER:**   The Defendant, Aloe Commodities International, Inc., admits the allegations of this paragraph.

11. Aloe Commodities did not return any of the packaging.

4

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., admits the allegations of this paragraph.

12. The Plaintiff's attempts to resolve Aloe Commodities' debt have been unsuccessful.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., denies the allegations of this paragraph, and affirmatively states that it has been attempting to, and will continue to attempt to, resolve this dispute with Plaintiff.

13. Pursuant to ¶ 14 of the Terms and Conditions, Aloe Commodities is liable for interest at the rate of 1-1/2% per month for monies it failed to pay when due. Pursuant to ¶ 1 of the Terms and Conditions, the monies were due upon receipt of the packaging.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

14. Pursuant to ¶ 18 of the Terms and Conditions, Aloe Commodities is liable for the Plaintiff's attorney's fees.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

15. The Plaintiff has been damaged by Aloe Commodities' breach.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., denies the allegations of this paragraph.

16.  Pursuant to ¶ 17 of the Terms and Conditions, Aloe Commodities consented to jurisdiction in Chicago, Illinois.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

WHEREFORE, the Defendant, ALOE COMMODITIES, INTERNATIONAL, INC., denies that the Plaintiff is entitled to judgment against it in any amount.

## COUNT II

### Breach of Contract against Aloe Commodities

15.  The Plaintiff realleges ¶¶ 1-4 and 7-8.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., restates and repeats its answers to paragraphs 1-4 and 7-8 as though fully incorporated herein.

16.  During the course of their dealings, Aloe Commodities ordered packaging from the Plaintiff worth $12,229.97 that is not included in Count I.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., admits that it ordered packaging from Plaintiff, but is unable, based upon the dollar figure recited in this paragraph, to identify what order or what packaging Plaintiff refers to.

6

17. The Plaintiff retains possession of that packaging.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., lacks the requisite knowledge with which to either admit or deny the allegations of this paragraph. It therefore neither admits nor denies same, but demands strict proof thereof.

18. The Plaintiff has billed Aloe Commodities for that packaging but Aloe Commodities has refused to pay.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., is unable, based upon the dollar figure recited in this count, to identify what order or what packaging Plaintiff refers to. Therefore, it is unable to answer whether it has paid for the packaging at issue in this count.

19. The packaging is customized pursuant to Aloe Commodities' specification and cannot be used for any of the Plaintiff's other customers.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., is unable, based upon the dollar figure recited in this count, to identify what order or what packaging Plaintiff refers to. Therefore, it is unable to answer whether the packaging was a custom order.

20. The Plaintiff is not obligated to deliver the packaging because Aloe Commodities has already breached its contract with the Plaintiff.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., denies the allegations of this paragraph.

7

21. The Plaintiff has been damaged by this breach.

**ANSWER:**    The Defendant, Aloe Commodities, International, Inc., denies the allegations of this paragraph.

17. Attempts to resolve Aloe Commodities' debt have been unsuccessful.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., denies the allegations of this paragraph, and affirmatively states that it has been attempting to, and will continue to attempt to, resolve this dispute with Plaintiff.

18. Pursuant to ¶ 14 of the Terms and Conditions, Aloe Commodities is liable for interest at the rate of 1-1/2% per month for monies it failed to pay.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

19. Pursuant to ¶ 18 of the Terms and Conditions, Aloe Commodities is liable for the Plaintiff's attorney's fees.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

8

20.    Pursuant to ¶ 17 of the Terms and Conditions, Aloe Commodities consented to jurisdiction in Chicago, Illinois.

**ANSWER:**    The Defendant, Aloe Commodities International, Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

WHEREFORE, the Defendant, ALOE COMMODITIES, INTERNATIONAL, INC., denies that the Plaintiff is entitled to judgment against it in any amount.

**COUNT III**

**Breach of Contract against Skin Care**

21.    The Plaintiff realleges paragraphs 1-3 and 5.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., restates and repeats its answers to paragraphs 1-3 and 5 as though fully incorporated herein.

22.    On or about April 27, 2005, Skin Care signed an Application for Credit ("Application") in furtherance of obtaining packaging from the Plaintiff.  A copy of Skin Care's Application is attached as Exhibit 3.  The Application was signed by Skin Care's then CFO, Richard Ellis.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., admits the allegations of this paragraph.

23.    The Application specified that by signing it, Skin Care agreed to be bound by Berlin's Terms and Conditions.  A copy of the Terms and Conditions sheet is attached as Exhibit 2.

9

**ANSWER:**   The Defendant, Skin Care Innovations, Inc., states that the Application speaks for itself. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

24.  After August 1, 2005, Skin Care ordered packaging, received it, and accepted it, but failed to pay $47,327.08 owed for the packaging.

**ANSWER:**   The Defendant, Skin Care Innovations, Inc., admits that it ordered, received and accepted packaging from Plaintiff after August 1, 2005. It has paid for at least some of the packaging received from Plaintiff subsequent to August 1, 2005. It denies that the sum cited by Plaintiff is a true recital of the amount of the claim Plaintiff has against it.

25.  Skin Care has never provided any notice to the Plaintiff of any defects regarding the packaging.

**ANSWER:**   The Defendant, Skin Care Innovations, Inc., admits the allegations of this paragraph.

26.  Skin Care did not return any of the packaging.

**ANSWER:**   The Defendant, Skin Care Innovations, Inc., admits the allegations of this paragraph.

27.  Attempts to resolve Skin Care's debt have been unsuccessful.

**ANSWER:**   The Defendant, Skin Care Innovations, Inc., denies the allegations of this paragraph, and affirmatively states that it has been attempting to, and will continue to attempt to, resolve this dispute with Plaintiff.

28. Pursuant to ¶ 14 of the Terms and Conditions, Skin Care is liable for interest at the rate of 1-1/2% per month for monies it fails to pay.  Pursuant to ¶ 1 of the Terms and Conditions, Skin Care was required to pay upon receipt of the packaging.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

29. Pursuant to ¶ 18 of the Terms and Conditions, Skin Care is liable for the Plaintiff's attorney's fees.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

30. The Plaintiff has been damaged by Skin Care's breach.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., denies the allegations of this paragraph.

31. Pursuant to ¶ 17 of the Terms and Conditions, Skin Care consented to jurisdiction in Chicago, Illinois.

**ANSWER:**    The Defendant, Skin Care Innovations, Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

WHEREFORE, the Defendant, SKIN CARE INNOVATIONS, INC., denies that the Plaintiff is entitled to judgment against it in any amount.

11

## COUNT IV

### Breach of Corporate Guaranty against Global Gold

32. The Plaintiff realleges paragraphs 1-31.

**ANSWER:**    The Defendant, Global Gold International, Inc., restates and repeats its answers to paragraphs 1-6 as though fully incorporated herein. The allegations of paragraphs 7-31 are not directed against Global Gold International, Inc. Therefore, it makes no response thereto.

33. On or about August 1, 2005, Global Gold signed a Corporate Guaranty promising to pay to the Plaintiff any debts incurred by Aloe Commodities and Skin Care owed to the Plaintiff. A copy of the Corporate Guaranty is attached as Exhibit 4. The Corporate Guaranty is signed by Global Gold's Chairman, L. Scott McKnight.

**ANSWER:**    The Defendant, Global Gold International, Inc., admits that its Chairman, L. Scott McKnight signed the document referenced as Exhibit 4. It further states that the document as a whole, and not just an isolated section referenced by the Plaintiff, must be construed in its entirety.

34. Global Gold's corporate status is now listed as "default" with the Nevada Secretary of State.

**ANSWER:**    The Defendant, Global Gold International Inc., lacks the requisite knowledge with which to either admit or deny the allegations of this paragraph. It therefore neither admits nor denies same but demands strict proof thereof.

12

35.  The Corporate Guaranty specified that Global Gold agreed to all of the Terms and Conditions of the agreement between Berlin and Aloe Commodities and Skin Care.  Those terms included ¶¶ 14, 18, and 17 of the Terms and Conditions sheet that specify that Aloe Commodities and Skin Care are liable for interest at the rate of 1-1/2% per month and attorneys' fees and that they consent to jurisdiction in Chicago, Illinois.

**ANSWER:**    The Defendant, Global Gold International Inc., states that the Terms and Conditions speak for themselves.  It further states that the document as a whole, and not just isolated sections referenced by the Plaintiff, must be construed in its entirety.

36.  Demand was made upon Global Gold for the monies owed by Aloe Commodities and Skin Care, but Global Gold has refused to pay.

**ANSWER:**    The Defendant, Global Gold International Inc., denies the allegations of this paragraph, and affirmatively states that it has been attempting to, and will continue to attempt to, resolve this dispute with Plaintiff.

WHEREFORE, the Defendant, GLOBAL GOLD INTERNATIONAL INC., denies that the Plaintiff is entitled to judgment against it an any amount.

KRALOVEC & MARQUARD, CHARTERED

_____
David T. Nani

KRALOVEC & MARQUARD, CHARTERED
55 West Monroe Street
Suite 1000
Chicago, Illinois 60603
(312) 346-6027

13

Firm I.D. - 34616
Our File: PD-47055

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERLIN PACKAGING, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1690 |
| | ) | |
| ALOE COMMODITIES INTERNATIONAL, | ) | Assigned Judge: Hon. Amy J. St. Eve |
| INC., SKIN CARE INNOVATIONS, INC. and | ) | |
| GLOBAL GOLD INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

TO:    Bert Zaczek, Esq.
       Amy Pikarsky, Esq.
       415 North LaSalle Street
       Chicago, Illinois 60610

PLEASE TAKE NOTICE that on July 29, 2008 we E-filed with the Clerk of the United States

District Court for the Northern District of Illinois, **ANSWER TO COMPLAINT**.  A copy of which

is attached hereto and served upon you.

KRALOVEC & MARQUARD, CHARTERED


<u>        S/DAVID T. NANI        </u>
David T. Nani, one of the Attorneys for Defendants


KRALOVEC & MARQUARD, CHARTERED
55 West Monroe Street
Suite 1000
Chicago, Illinois  60603
(312) 346-6027

## AFFIDAVIT OF MAILING

Nancy A Moran, a non-attorney, being first duly sworn, upon oath, hereby certify that I have caused a true and correct copy of the above and foregoing Notice of Filing and Appearance to be sent via electronic filing delivery and regular mail this 29th date of July, 2008 to:

Bert Zaczek, Esq.
Amy Pikarsky, Esq.
415 North LaSalle Street
Chicago, Illinois 60610

SUBSCRIBED and SWORN to before me this

_____ day of _____, 2008.

_____
Notary Public

"OFFICIAL SEAL"
MARGARET A. FOY
Notary Public, State of Illinois
My Commission Expires 11-16-2010

3